UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF OFFSHORE OIL SERVICES, INC. | CIVIL ACTION<br><br>NO. 21-1522<br><br>SECTION: "P" (1) |

**ORDER AND REASONS**

Before the Court is the motion (R. Doc. 109) of Petitioner, Offshore Oil Services, Inc. ("Offshore"), to reconsider the March 22, 2023 order granting partial summary judgment for Third Party Defendant Island Operating Company, Inc. ("IOC"). For the following reasons, Offshore's motion is **DENIED**.

**I.     BACKGROUND**

This case arises out of the injuries that Tyrone Felix allegedly suffered while transferring from the deck of a vessel, the M/V ANNA M, to a platform owned and/or operated by Fieldwood Energy LLC ("Fieldwood").[1] Offshore, the owner and operator of the vessel, brought the instant action against IOC, Felix's employer, seeking exoneration from and/or limitation of liability related to Felix's injuries.[2] On March 22, 2023, U.S. District Court Judge Susie Morgan granted partial summary judgment in favor of IOC, thereby dismissing Offshore's indemnity and indemnity insurance coverage claims.[3] Offshore's claim for defense costs survived.[4]

Nearly three months later, this case was transferred to this section.[5] On January 24, 2024, IOC filed a motion to dismiss the remaining claims; that motion remains pending.[6] A month later,

---

[1] R. Doc. 1 at ¶ 7.
[2] *See generally id.*
[3] R. Doc. 86 at 30.
[4] *Id.*
[5] R. Doc. 92.
[6] R. Doc. 100.

Offshore filed the instant motion, requesting this Court reconsider Judge Morgan's partial summary judgment order in light of an intervening Fifth Circuit case, *Earnest v. Palfinger Marine U S A, Inc.*[7]  In particular, Offshore asks this Court to either (1) overturn Judge Morgan's previous decision and find that maritime law governs the Master Services Contract ("MSC") between IOC and Fieldwood, thereby granting Offshore indemnity; or (2) overturn the previous decision by finding a genuine dispute of material fact remains to be tried as to whether maritime or Louisiana law governs the MSC.[8]

## II.  LEGAL STANDARD

The previous order on IOC's motion for partial summary judgment qualifies as an interlocutory order because it did not end the action.[9]  Rule 54(b) therefore governs this motion for reconsideration of an order that "adjudicate[d] fewer than all the claims or the rights and liabilities of fewer than all the parties."[10]  Rule 54(b) permits the district court to "reconsider and reverse its decision for any reason it deems sufficient."[11]  But "[w]hen there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[12]

## III.  LAW AND ANALYSIS

In *In re Larry Doiron, Inc.*, the Fifth Circuit sought to clarify its test to determine whether an offshore oil field contract is maritime or non-maritime.[13]  Based on the principles laid out in *Norfolk Southern Railway Co. v. Kirby*—namely, that the goal of maritime jurisdiction is to protect

---

[7] 90 F.4th 804 (5th Cir. 2024).
[8] R. Doc. 109-1 at 17.
[9] *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018).
[10] FED. R. CIV. P. 54(b); *see, e.g.*, *Muslow v. Bd. of Supervisors*, No. 19-11793, 2021 WL 3566302, at *2 (E.D. La. Aug. 12, 2021).
[11] *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (internal quotations and citations omitted).
[12] *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, No. 16-cv-17039, 2020 WL 2473772, at *1 (E.D. La. May 13, 2020) (internal quotations and citations omitted).
[13] 879 F.3d 568 (5th Cir. 2018); *see also Earnest*, 90 F.4th at 809.

maritime commerce—the Fifth Circuit devised the following two-part test: (1) Is the contract "to provide services to facilitate the drilling or production of oil and gas on navigable waters?"[14] (2) If so, does the contract provide for or do the parties expect that a vessel will "play a substantial role in the completion of the contract?"[15]

In *Earnest*, the Fifth Circuit applied the *Doiron* test to a contract to repair lifeboats aboard an offshore oil platform.[16] In so doing, the Fifth Circuit explained *Doiron* exists against the background of maritime law and the second part of the *Doiron* inquiry, therefore, requires more than "mere reference to ships or vessels."[17] Rather, "'there must be a direct and substantial link between the contract and the operation of the ship, its navigation, or its management afloat, taking into account the needs of the shipping industry.'"[18] Thus, 'a contract to repair or to insure a ship is maritime, but a contract to build a ship is not.'"[19]

Offshore argues that the *Earnest* decision materially altered the *Doiron* test by (1) requiring that courts consider what is "classically maritime" when evaluating the role of a vessel, and (2) instructing courts that the location where work is performed under the relevant contract is inconsequential (*i.e.*, the work does not need to be performed on a vessel for the contract to qualify as maritime).[20] In opposition, IOC argues that *Earnest* did not represent a significant departure from *Doiron* and the parties' expectations under the contract remain the guiding principle in the *Doiron* analysis, not whether "incidental" activities involve the use of a vessel.[21]

---

[14] *Earnest*, 90 F.4th at 809 (quoting *Doiron*, 879 F.3d at 576)).
[15] *Id.*
[16] *Id.* at 812.
[17] *Id.* at 810.
[18] *Id.* (quoting 1 BENEDICT ON ADMIRALTY § 182 (Joshua S. Force & Steven F. Friedell eds., 2023).
[19] *Id.* (quoting *Kossick v. United Fruit Co.*, 365 U.S. 731, 735 (1961)).
[20] R. Doc. 109-1.
[21] R. Doc. 116 at 8-9.

Though only two cases have substantively applied *Earnest*, neither described *Earnest* as a departure from *Doiron*.[22] *Earnest* did not alter the portion of *Doiron* upon which Judge Morgan's decision relies—that marine transportation to a worksite, while undoubtedly a traditional maritime activity, is nevertheless ignored in the *Doiron* analysis when evaluating a contract for services other than the transportation itself.[23] Thus, Judge Morgan's decision applying *Doiron* does not qualify as a "manifest error of law."[24]

## IV.     CONCLUSION

For the foregoing reasons, Offshore's Motion to Reconsider (R. Doc. 109) is **DENIED**.

New Orleans, Louisiana, this 20th day of September 2024.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[22] *See Sequera v. Danos LLC*, No. 4:21-cv-03090, 2024 WL 1394242, at *3-4 (S.D. Tex. Mar. 22, 2024); *Cantium, LLC v. FDF Energy Servs., LLC*, No. 23-78, 2024 WL 3551126, at *4-5 (E.D. La. June 7, 2024).

[23] R. Doc. 86 at 15 (citing *In re Crescent Energy Servs., L.L.C.*, 896 F.3d 350, 359 (5th Cir. 2018)); *see also Doiron*, 879 F.3d at 576 n.47 (noting that "transportation to and from the job site" does not factor in the substantiality analysis of the second prong of the *Doiron* inquiry).

[24] *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).