UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF OFFSHORE OIL SERVICES, INC.

CIVIL ACTION

NO. 21-1522

SECTION: "P" (1)

ORDER AND REASONS

Before the Court is the Motion to Dismiss Remaining Claims and for Entry of Final Judgment[1] submitted by Third-Party Defendant, Island Operating Company ("Island"). The motion is opposed by Third-Party Plaintiff, Offshore Oil Services, Inc. ("Offshore").[2] Having considered the motion and memoranda submitted in connection with the motion and the applicable law, **IT IS ORDERED** that the Motion to Dismiss is **GRANTED**.

I.  BACKGROUND

Offshore, as the owner and operate of the M/V *Anna M* (the "Vessel"), brought the instant action for exoneration and/or limitation of liability on August 11, 2021, related to injuries Tyrone Felix (an Island employee) allegedly suffered onboard the Vessel.[3] On May 26, 2022, Offshore filed a third-party demand against Island, bringing three claims: (1) a claim for indemnity from the claims brought by Felix and Island's federal and state compensation insurer, Louisiana Workers' Compensation Corporation; (2) a claim for indemnity insurance coverage for any damages owed by Offshore; and (3) a claim for defense costs.[4]

On March 22, 2023, this Court partially granted Island's Motion for Summary Judgment, dismissing Offshore's indemnity and indemnity insurance coverage claims as void under the

---

[1] R. Doc. 100.
[2] R. Doc. 115.
[3] R. Doc. 1.
[4] R. Doc. 30.

Louisiana Oilfield Indemnity Act ("LOIA").[5] That Order did not adjudicate Offshore's claim for defense costs because such a determination was premature while Felix maintained unresolved claims against Offshore.[6] Since then, Offshore and Felix have reached a settlement.[7] Now, Island brings the instant motion arguing the Fifth Circuit's decision in *Tanksley v. Gulf Oil Corporation* requires dismissing Offshore's last remaining claim.[8]

## II.    LAW AND ANALYSIS

The LOIA was devised to level the playing field of bargaining power between large oil companies and the contractors whose services they employed, especially regarding injuries suffered by those contractors' employees.[9] Due to the imbalanced bargaining power between the large oil companies and the independent contractors, their contracts typically require contractors to indemnify the defense costs of oil companies in actions brought by the contractors' employees, even if the oil company was at fault.[10] The LOIA addressed this power imbalance by, in relevant part, nullifying indemnity provisions under certain conditions:

> Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, is void and unenforceable to the extent that it purports to or does provide for defense or indemnity, or either, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee, or an agent, employee, or an independent contractor who is directly responsible to the indemnitee.[11]

---

[5] R. Doc. 86; *see also* La. R.S. 9:2780. This Court recently denied Offshore's Motion for Reconsideration of the March 22, 2023 Order. *See* R. Doc. 127.
[6] R. Doc. 86.
[7] R. Doc. 102.
[8] 848 F.2d 515 (5th Cir. 1988).
[9] *Meloy v. Conoco, Inc.*, 86-1466 (La. 1987), 504 So. 3d 833, 837.
[10] *Id.*
[11] La. R.S. 9:2780(B).

In *Meloy v. Conoco, Incorporated*, the Fifth Circuit certified questions about the LOIA to the Louisiana Supreme Court.[12] The Louisiana Supreme Court determined the LOIA "nullifies completely any provision in any agreement that requires defense and/or indemnification where there is any negligence or fault on the part of the indemnitee."[13] Moreover, "whether an oil company (indemnitee) is free from fault and thus outside the scope of the Act can only be determined after trial on the merits."[14]

The instant dispute centers on the Fifth Circuit's subsequent decision in *Tanksley v. Gulf Oil Corporation*.[15] In *Tanksley*, Chevron sought indemnity from its contractor, Services, Equipment and Engineering, Inc. ("SEE"), related to injuries suffered by an SEE employee, Wayne Tanksley, while working on a Chevron platform.[16] While Chevron's claim against SEE was pending appeal, Chevron and Tanksley agreed to a settlement without SEE.[17] Despite settling Tanksley's claims, Chevron sought trial on its fault in order to prove its lack of liability and thereby qualify for indemnification from SEE under the LOIA.[18] The Fifth Circuit determined Chevron was not entitled to an adjudication of its fault because it voluntarily foreclosed such a determination by settling with Tanksley.[19] Without a finding that Chevron was free from fault, the LOIA nullified Chevron's indemnification rights.[20]

Island argues *Tanksley* requires dismissing Offshore's remaining indemnity claim for defense costs because Offshore settled with Felix, thereby foreclosing determination of its fault at

---

[12] 817 F.2d 275 (5th Cir. 1987).
[13] *Id.* at 279.
[14] *Id.* at 280.
[15] 848 F.2d 515 (5th Cir. 1988).
[16] *Id.* at 515.
[17] *Id.* at 516.
[18] *Id.*
[19] *Id.* at 517-18.
[20] *Id.*

trial.[21] Because Offshore can no longer show at trial that it is free from fault, Island argues, the LOIA precludes Offshore's indemnification.[22] In opposition, Island disputes *Tanksley*'s status as controlling precedent by pointing to later decisions from the Fifth Circuit and two Louisiana appellate courts, which Island asserts cast *Tanksley*'s controlling status in doubt.[23]

In *American Home Insurance Company v. Chevron, USA, Inc.*,[24] the Fifth Circuit again considered the LOIA's effect after a settlement. But instead of a settlement between the indemnitee and the underlying plaintiff, as in *Tanksley*, the settlement in *American Home Insurance Company* was between the indemnitor oilfield contractor (M-I) and the underlying plaintiff (Blackmon) after M-I agreed to assume the defense of the indemnitee oil companies (Chevron and Halliburton).[25] Following settlement between M-I's insurance company (AIG) and Blackmon, AIG sued Chevron and Halliburton to recover its expenditures.[26] The district court ruled in favor of Chevron and Halliburton at summary judgment, reasoning that the LOIA did not void the indemnity provisions between the oil companies and M-I because the LOIA only intervenes to nullify an indemnification provision when the indemnitee is adjudicated at fault.[27]

On appeal, the Fifth Circuit instead found that, "[f]or the [LOIA] to have the protection legislatively intended[,] the contractor must be afforded an opportunity to demonstrate that the indemnity agreements invoked by the oil companies to defeat the contractor's reimbursement claim are void under the Act because of the negligence or fault of the oil companies."[28] Thus, the Fifth Circuit found, the district court should have permitted further litigation between AIG and the

---

[21] R. Doc. 100-1 at 3.
[22] *Id.*
[23] R. Doc. 115 at 5, 7-12.
[24] 400 F.3d 265 (5th Cir. 2005).
[25] *Id.* at 267.
[26] *Id.* at 267-68.
[27] *Id.* at 268.
[28] *Id.* at 270.

oil companies to determine if the oil companies were at fault and, consequently, whether the LOIA voided the indemnity provisions.[29]

Offshore has latched onto this reasoning to argue that *Tanksley* is out of favor and that litigation on fault may persist even after the underlying plaintiff has settled with an indemnitor or indemnitee.[30]  In so doing, Offshore ignores the Fifth Circuit's statement in *American Home Assurance* that *Tanksley* did "not require a different result" because of the different roles of the settling parties—the indemnitor, rather than the indemnitee, settling with the underlying plaintiff.[31] Thus, because the facts of this case align with those in *Tanksley* and are distinguishable from the settlement arrangement in *American Home*, this Court must follow *Tanksley*.

Offshore also cites two decisions by Louisiana appellate courts to argue Louisiana state courts have broken from *Tanksley*.  Those cases—*Ridings v. Danos & Curole Marine Contractors, Inc.*[32] and *Phillips Petroleum Company v. Liberty Services, Inc.*[33]—were both decided in the years between *Tanksley* and *American Home Assurance* and do not unseat *Tanksley* as controlling precedent.  As the Fifth Circuit noted in *American Home Assurance*, the Louisiana Supreme Court had not (and still has not) affirmed or rejected *Tanksley*[34] and it would be inappropriate to stray from *Tanksley* "on the basis of subsequent intermediate state appellate court precedent unless such precedent comprises unanimous or near-unanimous holdings from several—preferably a majority—of the intermediate appellate courts of the state in question."[35]  Decisions from only

---

[29] *Id.* at 270-71.
[30] R. Doc. 115 at 5.
[31] 400 F.3d at 270, n.15 (describing *Tanksley* as "distinguishable from and inapplicable to the present case").
[32] 97-2710 (La. App. 4th Cir. 8/12/1998), 723 So. 2d 979.
[33] 95-124 (La. App. 3d Cir. 5/31/1995), 657 So. 3d 405.
[34] *Am. Home Assur. Co.*, 400 F.3d at 270, n.15.
[35] *FDIC v. Abraham*, 137 F.3d 264, 269 (5th Cir. 1998); *see also Fontenot v. Chevron USA, Inc.*, 95-1425 (La. 7/2/1996), 676 So. 2d 557, 564 n.7 (declining "to either adopt or reject the *Tanksley* conclusion").

two of the five Louisiana state appellate courts are, therefore, insufficient to overrule *Tanksley*. Likewise, district courts in the Fifth Circuit continue to follow *Tanksley*.[36]

In sum, *Tanksley* remains good law in the Fifth Circuit and the facts at hand put Offshore's claims squarely in *Tanksley*'s scope. Accordingly, Island's motion to dismiss must be granted.

### III. CONCLUSION

For the foregoing reasons, Island's Motion to Dismiss Remaining Claims and For Entry of Judgment (R. Doc. 100) is **GRANTED** and Offshore's claim for defense costs is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 30th day of October 2024.

                                        **DARREL JAMES PAPILLION**
                                        **UNITED STATES DISTRICT JUDGE**

---

[36] *See, e.g.*, *B J Servs. Co., USA v. Thompson*, No. 6:08-510, 2010 WL 2024725, at *9 (W.D. La. May 14, 2010); *La. United Bus. Ass'n Cas. Ins. Co. v. J & J Maint., Inc.*, 328 F. Supp. 3d 563, 576-77 n.9 (W.D. La. 2018); *see also Bonin v. Bilfinger Salamis, Inc.*, No. 16-1092, 2017 WL 490622, at *4 (E.D. La. Feb. 6, 2017) (noting that "it appears that if [indemnitee] proceeds with [its] claims in federal court, *Tanksley* will govern and [indemnitee]'s settlement with Plaintiff will bar any recovery from [indemnitors]").